# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| **CHRISTOPHER KYLE COMBS,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. |
| **CAPITAL ONE FINANCIAL.,** | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

**COMES NOW** defendant identified as "Capital One Financial," properly known as Capital One Bank (USA), N.A. ("Defendant"), pursuant to the provisions of 28 U.S.C. §§ 1331, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and hereby gives notice of the removal of this action from the General Sessions Court of Hamilton County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Chattanooga Division. In support of this notice of removal, Defendant states as follows:

### I. INTRODUCTION

1. Plaintiff Christopher Kyle Combs ("Plaintiff") commenced this action by filing a complaint against Defendant in the General Sessions Court of Hamilton County, Tennessee, Case Number 19gs151 on or about January 7, 2019.

2. Plaintiff's complaint asserts a claim against Defendant for "[v]iolation of the FDCPA – Experian Report." [*See generally* Complaint.][1]

---

[1] Nothing in this Notice of Removal should be construed as an admission that Plaintiff's claims have any merit whatsoever.

3. Based on these allegations, Plaintiff purports to assert federal claims against Defendant under the Fair Debt Collection Practices Act ("FDCPA"). [*Id.*][2]

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

5. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting claims against Defendant based upon an alleged violation of the FDCPA, which is a federal consumer protection statute. [*See* Complaint; *see also* 15 U.S.C. § 1692 *et seq.*]

7. Accordingly, Plaintiff's federal claim arises under the laws of the United States and could have been originally filed in this Court.

---

[2] Fed. R. Civ. P. 8 requires "a short and plain statement of claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. To the extent Plaintiff attempts to assert any additional claims to that named above, it is not made clear in the Civil Summons and is insufficient under Rule 8. To the extent that Plaintiff seeks to assert a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, the claim also arises under the laws of the United States, could have been originally filed in this Court and is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present.

### III. ADOPTION AND RESERVATION OF DEFENSES

8. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

9. To the extent remand is sought by Plaintiff or visited by the Court, Defendant respectfully requests the opportunity to brief the issues and submit additonal arguments and evidence.

10. Defendant reserves the right to supplement this Notice of Removal as may be necessary or appropriate.

### IV. PROCEDURAL REQUIREMENTS

11. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

12. True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleadings, or orders served upon Defendant to date in this case.

13. This notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446.

14. Defendant has heretofore sought no similar relief.

15. The United States District Court for the Eastern District of Tennessee, Chattanooga Division, is the court and division embracing the place where this action is pending in state court.

16. Contemporaneously with the filing of this notice of removal, Defendant has filed a copy of same with the clerk of the General Sessions Court of Hamilton County, Tennessee and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

17. Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the General Sessions Court of Hamilton County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Chattanooga Division.

Respectfully submitted this 1st day of March, 2019.

                                                       */s/ Samuel A. Morris*
Samuel A. Morris (BPR # 034878)

BURR & FORMAN, LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
Facsimile: (615) 724-3358
smorris@burr.com

Attorney for Defendant
CAPITAL ONE BANK (USA), N.A.

### CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 1st day of March, 2019:

Christopher Kyle Combs
1461 Palisades Road
Signal Mountain, TN 37377

                                                       */s/ Samuel A. Morris*
OF COUNSEL